IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG RUSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 3:14-cv-3723 |
| JACOBS ENGINEERING GROUP INC. | § | |
| AND SAMUEL PENA, INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants Jacobs Engineering Group Inc. ("Jacobs") and Samuel Pena ("Pena") (collectively, "Defendants") petition this Court, pursuant to 28 U.S.C. §1441, to remove this action from the 160th Judicial District Court, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and to find that individual defendant Pena has been improperly joined. As grounds for removal, Defendants argue as follows:

### I. Background

1. Plaintiff Craig Rush ("Plaintiff") is a former employee of Jacobs.

2. Pena is a current employee of Jacobs and a resident of Tarrant County, Texas. *See* Plaintiff's Original Petition (hereinafter "Petition"), attached hereto as Exhibit A-2, at ¶ 3.

3. Jacobs is a Delaware corporation. *See* Petition at ¶ 3. The company's principal place of business is in Pasadena, California.

4. On September 15, 2014, Plaintiff filed his Original Petition in the 160th Judicial District Court, Dallas County, Texas, captioned *Craig Rush v. Jacobs Engineering Group, Inc. and Samuel Pena, individually,* Cause No. DC-14-10855 ("State Court Action"). *See* Petition.

NOTICE OF REMOVAL – Page 1

Although Plaintiff's claims are largely conclusory and devoid of factual support, from what Defendants can discern, Plaintiff asserts the following claims: (1) wrongful termination and a purported reduction in hours for allegedly refusing to perform an illegal act against Jacobs; (2) conspiracy against Pena; (3) tortious interference with an existing contract against Pena; and (4) retaliation in violation of § 36.06 of the Texas Penal code against Pena, and for which Jacobs is allegedly vicariously liable.  *See id.*

5.     This Notice of Removal and all process, pleadings, and orders served on Defendants or otherwise on file in the State Court Action are being filed in this court within 30 days after the initial service of citation on each defendant.  The removal is therefore timely under 28 U.S.C. § 1446(b).

6.     Pursuant to Local Rule 81.1, an index of the documents filed in the State Court Action, the State Court Docket Sheet, and copies of all documents filed in the State Court Action, other than discovery, are attached hereto as *Exhibit A*.  Defendants' Certificate of Interested Persons will be filed separately.  A copy of this Notice of Removal is also being filed with the clerk of the state court in which the action was filed.

7.     Plaintiff could have originally filed this action in this court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Jacobs and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* Petition at ¶ 13.  The citizenship of Pena must be disregarded for purposes of 28 U.S.C. § 1441(b) because Plaintiff improperly joined Pena in this action for the sole purpose of attempting to defeat diversity jurisdiction.

## II.   Diversity of Citizenship

8.     Plaintiff contends he is a citizen of the State of Texas.  *See* Petition, at ¶ 2.

9. When Plaintiff filed this action and when the cause of action arose, Jacobs was (and still is) a Delaware corporation with its principal place of business in Pasadena, California.

10. As discussed herein, the Texas citizenship of Pena does not preclude removal because Plaintiff improperly joined him in this action.

11. Removal pursuant to 28 U.S.C. § 1332 requires complete diversity of citizenship and a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *Hambric Sports Mgmt., LLC v. Team AK, Inc.*, No. 3:09-CV-1662-L, 2010 WL 1962691, * 2 (N.D. Tex. May 14, 2010). In considering citizenship, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Id.*

12. Pursuant to 28 U.S.C. § 1441(b), an action between diverse parties is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

13. If a defendant has been improperly joined, the citizenship of that party is disregarded for purposes of determining diversity and applying § 1441(b). *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995) (citizenship of improperly joined defendant properly disregarded for purposes of removal); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 310 (5th Cir. 2002) (Texas citizen improperly joined).

14. To establish improper joinder, Defendants must prove: (1) there has been outright fraud in Plaintiff's recitation of jurisdictional facts; or (2) there is no possibility that Plaintiff would be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Ill. Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Defendants do not assert

fraud by Plaintiff; therefore, the test for improper joinder is whether Defendants have demonstrated that there is no possibility of recovery by Plaintiff against Pena. *Id.*

15.  The district court must determine whether Plaintiff has any possibility of recovery against Pena. If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no improper joinder. This possibility, however, must be reasonable and not merely theoretical. *Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896, at *2 (N.D. Tex. Mar. 31, 2014) (quotations and citations omitted).

16.  A court may resolve the improper joinder issue in one of two ways. First, the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Second, in limited circumstances, the court may conduct a summary inquiry to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Smallwood*, 385 F.3d at 573-74.

17.  When a defendant seeks to remove a case, this court has stressed that the relevant inquiry is whether the court, based on the *allegations of the pleadings at the time of removal*, has a reasonable basis to predict that the plaintiff might recover against the individual, non-diverse defendant. *Krenke*, 2014 WL 1315896, at *6 (emphasis in original).

18.  In an obvious attempt to prevent Jacobs's right to removal, Plaintiff sued Pena and asserted three non-viable and non-existent causes of action against him: (1) conspiracy; (2) tortious interference with existing contract; and (3) a purported civil cause of action for retaliation in violation of §36.06 of the Texas Penal Code.

### III.  Improper Joinder Arguments

A.   **Plaintiff's conspiracy claim fails from the outset because he fails to provide Pena with fair notice of the claim, barring any possibility of recovery.**

19.   Plaintiff makes the conclusory assertion in his Petition that "Defendant Pena engaged in a conspiracy against Plaintiff to accomplish and [sic] unlawful purpose." *See* Petition, at ¶ 10.  In a recent case, this court found that such "barebone" and "threadbare" conspiracy allegations fail to satisfy the most basic notice requirements under either the federal pleading standard or the more lenient Texas "fair notice" standard, and thus, removal was proper. *See Krenke*, 2014 WL 1315896, at *5-6 (denying plaintiffs' motion to remand because the non-diverse, individual defendant was improperly joined based on claims of conspiracy and tortious interference).

20.   In *Krenke*, the court determined that Gibson, the non-diverse, individual defendant, was improperly joined because the plaintiffs' conspiracy allegations that the "members of this conspiracy had a meeting of the minds on the course of action" were "wholly conclusory" and "woefully inadequate" for the court to predict that plaintiffs might be able to recover against Gibson.  *See Krenke,* 2014 WL 1315896*,* at *5-6.  Here, as in *Krenke*, Plaintiff fails to plead the essential elements of his conspiracy claim against Pena and fails to provide any factual support.  *See Krenke,* 2014 WL 1315896*,* at *5.

21.   Conspiracy is not an independent tort, although it is often labeled as such. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).  The elements of a civil conspiracy claim are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt action; and (5) damages as the proximate result.  *Massey v. Armco Steel. Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  Even under the most liberal reading, Plaintiff fails to plead elements 1-4 in his Petition.

22. Absent from the Petition is any indication regarding *with whom* Pena allegedly conspired.[1] Without identifying the entity and/or person with whom Pena allegedly conspired, Plaintiff cannot – and indeed, does not – allege that there was any kind of "meeting of the minds" between Pena and some other, unidentified co-conspirator.

23. Even assuming Plaintiff identified some other co-conspirator and set forth facts sufficient to provide Pena with fair notice that a meeting of the minds occurred, Plaintiff fails to specify the "object to be accomplished" or the "unlawful, overt act" allegedly committed. Instead, Plaintiff simply declares, without factual support, that Pena engaged in a conspiracy to accomplish an unspecified "unlawful purpose."

24. Like the plaintiffs in *Krenke*, Plaintiff's conspiracy allegations are woefully inadequate to meet the fair notice pleading requirement, and no reasonable basis exists to predict that Plaintiff might recover against Pena. *See Krenke*, 2014 WL 1315896, at *5-6.

**B.     Plaintiff cannot establish any possibility of recovery on a tortious interference claim against Pena.**

25. Similar to Plaintiff's conspiracy claim, Plaintiff cannot establish a possibility of recovery with respect to his tortious interference claim with an existing contract because Plaintiff fails to meet the fair notice pleading requirement under Texas law. *See Krenke*, 2014 WL 1315896, at *5-6. In his Petition, Plaintiff merely claims "Defendant Pena tortuously interfered with the contract between Plaintiff and Defendant Jacobs Engineering." Petition, at ¶ 9.

26. Again, the court's holding in *Krenke* is instructive. *See Krenke*, 2014 WL 1315896, at *5-6. In *Krenke*, the court concluded the plaintiffs' allegations that defendants

---

[1] Notably, Plaintiff does not contend in his Petition that Jacobs engaged in any type of conspiracy. Even if Plaintiff did contend Jacobs was a co-conspirator with Pena, Plaintiff still cannot establish any possibility of recovery because Pena is a corporate agent of Jacobs, and a corporation cannot conspire with itself as a matter of law. *Atlantic Richfield Co. v. Misty Prods., Inc.,* 820 S.W.2d 414, 420 (Tex. App. — Houston [14th Dist.] 1991, writ denied).

**NOTICE OF REMOVAL – Page 6**

willfully and intentionally interfered with the contracts between plaintiff and a third-party were conclusory and failed to provide fair notice to defendants of their claims. 2014 WL 1315896, at *5-6 (holding individual defendants improperly joined).

27. Like the plaintiffs in *Krenke*, Plaintiff provides zero underlying facts to support his tortious interference claim. Plaintiff even fails to plead essential elements of his tortious interference claim. Nowhere does Plaintiff contend that Pena intended to breach Plaintiff's at-will employment contract, which is an essential element. *Fluor Enters, Inc. v. Conex Int'l Corp.*, 273 S.W.3d 426, 443 (Tex. App.— Beaumont 2008, no pet.) ("the defendant's intent must be to effect a breach of the contract.").

28. Furthermore, where a corporate agent is accused of interfering with the corporation's contract, the plaintiff must prove the agent acted willfully and intentionally to serve her own personal interests at the corporation's expense. *Powell Indus. v. Allen*, 985 S.W.2d 455, 457 (Tex. 1998). A corporate agent's mixed motives, to benefit both the corporation and the agent, are insufficient to establish liability. *Id.* Plaintiff does not allege that Pena acted in his personal interests at Jacob's expense,[2] and for this reason, there is no possibility of recovery on this claim. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 403 (5th Cir. 2013) (holding individual defendants were improperly joined where plaintiff did not allege the individuals acted to serve their own personal interests).

29. Based on the allegations in Plaintiff's Petition, there is no possibility that Plaintiff can recover against Pena regarding his tortious interference claim.

---

[2] To the contrary, Plaintiff alleges Jacobs is vicariously liable for Pena's action with respect to Plaintiff's retaliation in violation of Tex. Penal Code § 36.06 claim – thus, suggesting that Plaintiff contends Pena acted within the course and scope of his employment. *See* Petition at ¶ 11.

**C.  Plaintiff cannot establish any possibility of recovery based on a purported "retaliation" in violation of Tex. Penal Code §36.06 against Pena because no civil cause of action exists.**

30.  Plaintiff contends Pena "retaliated against Plaintiff in violation of § 36.06 of the Texas Penal Code…." Petition at ¶ 11.  Section 36.06(a) of the Texas Penal Code provides:

> A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of the service or status of another as a: (A) public servant, witness, prospective witness, or informant; or (B) person who has reported or who the actor knows intends to report the occurrence of a crime.

A violation of this section constitutes a third-degree felony in the State of Texas.  *See* Tex. Penal Code § 36.06(c).

31.  As with his other claims, Plaintiff fails to include any facts to support his claim that Pena violated §36.06 of the Texas Penal Code.  Plaintiff merely includes a conclusory statement.  Such a statement fails to provide Pena with fair notice.

32.  Not only does Plaintiff fail to allege any facts that remotely relate to this purported cause of action, Plaintiff alleges a cause of action that does not exist.  The express purpose of the Texas Penal Code is to codify *criminal* acts that require *state* protection – not conduct for which an individual may seek a civil remedy.  *See* Tex. Penal Code § 1.02 (emphasis added).  The Texas Penal Code does not provide for a private cause of action.  *See A.H. Belo Corp. v. Corcoran*, 52 S.W.3d 375, 379 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (reversing trial court's denial of summary judgment on claims raised under Texas Penal Code and holding that appellants "cannot be civilly liable to appellees for alleged violations of the Penal Code because appellees have no standing to prosecute violations of criminal statutes, and the Penal Code does not provide for a private cause of action"); citing *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.—Tyler 1996, writ denied) ("[T]he Penal Code does not create

private causes of action, and a victim 'does not have standing to participate as a party in a criminal proceeding'"). Consequently, Plaintiff could not even "theoretically" recover under this alleged cause of action, and Pena's joinder to this lawsuit is improper.

### IV. Amount in Controversy

33. While Defendants categorically deny Plaintiff is entitled to recover any damages, Plaintiff alleges damages of more than $1,000,000.00. *See* Petition at ¶13. Therefore, based upon the complete diversity between Plaintiff and Jacobs and the amount in controversy, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is proper pursuant to 28 U.S.C. § 1441(b).

For these reasons, Defendants give notice that this action is hereby removed to the United States District Court for the Northern District of Texas, Dallas Division.

       Respectfully submitted,

       /s/ John B. Brown
       John B. Brown
       Texas Bar No. 00793412
       john.brown@ogletreedeakins.com
       Heidi H. Harrison
       Texas Bar No. 24074370
       heidi.harrison@ogletreedeakins.com
       **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
       Preston Commons, Suite 500
       8117 Preston Road
       Dallas, Texas 75225
       (214) 987-3800 (Telephone)
       (214) 987-3927 (Facsimile)

       **ATTORNEYS FOR DEFENDANTS**
       **JACOBS ENGINEERING INC. AND**
       **SAMUEL PENA**

## CERTIFICATE OF SERVICE

     This is to certify that on October 17, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to Plaintiffs' counsel of record, an ECF registrant:

       /s/ John B. Brown
       John B. Brown

       19217515.1