UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG RUSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3723-B |
| | § | |
| JACOBS ENGINEERING GROUP, | § | |
| INC. and SAMUEL PENA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Craig Rush's Motion to Remand (doc. 8). For the reasons that follow, the Court concludes that Plaintiff's motion should be, and hereby is, **GRANTED**.

### I.

### BACKGROUND

This is principally an action for wrongful termination. Plaintiff Craig Rush claims that Defendant Jacobs Engineering Group ("Jacobs") terminated his employment and reduced his hours for refusing to "move labor time from one customer to another," an allegedly unlawful act. Doc. 1-3, Original Petition ¶¶ 5–7. Defendant Samuel Pena is the Jacobs employee who allegedly requested that Rush perform the unlawful act. *Id.* ¶ 5.

Rush filed suit against Jacobs and Pena on September 15, 2014, in the 160th Judicial District Court of Dallas County, Texas. In his Petition, Plaintiff asserts the following claims: (1) wrongful termination and reduction in hours against Jacobs (the "*Sabine Pilot* claim"); (2) tortious interference with an existing contract against Pena; (3) conspiracy against Pena; and (4) retaliation in violation

of section 36.06 of the Texas Penal Code against Pena, for which Jacobs is allegedly vicariously liable. *Id.* ¶¶ 9–11.

Defendants removed the case to this Court on October 17, 2014. *See* Doc. 1, Notice of Removal. In their Notice of Removal, Defendants argue that the Court may exercise subject matter jurisdiction over this case under 28 U.S.C. § 1332, because although Rush and Pena are both citizens of Texas, Pena was improperly joined and thus his citizenship should not be considered for purposes of determining whether valid diversity jurisdiction exists.[1] *Id.* On November 14, 2014, Rush moved to remand this case to state court on the grounds that Pena was properly joined and, therefore, that diversity of citizenship does not exist. Doc. 8, Motion to Remand.

## II.

## LEGAL STANDARD

Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove to federal court any civil action falling within the original jurisdiction of the district courts. One such grant of

---

[1] There is no dispute that for purposes of establishing diversity jurisdiction, Jacobs is a citizen of Delaware and California and the amount in controversy exceeds $75,000.

authority is found in 28 U.S.C. § 1332. That statute gives the district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is proper in such cases, however, only if there is complete diversity of citizenship among the parties both at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action was brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281.

That being said, a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if the non-diverse defendant was improperly joined. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden to show improper joinder is on the removing party, and is a heavy one. *Cuevas*, 648 F.3d at 249. The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). In this case, Jacobs Engineering does not assert that Plaintiff engaged in fraud. Thus, in order to establish improper joinder, Jacobs Engineering must demonstrate that there is no possibility of recovery by Plaintiff against Pena. *Smallwood*, 385 F.3d at 573.

## III.

## ANALYSIS

Courts determine whether there is a possibility of recovery in one of two ways. One way is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant. *Id.* The other way is to "pierce the pleadings" and

conduct a Rule 56-type analysis. *Id.* This latter approach, however, is only appropriate where the summary judgment evidence reveals that the plaintiff has withheld facts relevant to the propriety of joinder. *Id.* Since this is not the case here, the Court proceeds with a Rule 12(b)(6)-type analysis of Plaintiff's petition.

In conducting this 12(b)(6)-type analysis of a petition originally filed in Texas state court, this Court and other courts in the Northern District of Texas apply state court pleading standards. *Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-0575-B, 2014 WL 3855238, at *4 (N.D. Tex. Aug. 5, 2014) (Boyle, J.). Traditionally, Texas courts have applied a pleading standard that is more liberal than the federal pleading standard, upholding a petition so long as it provides "fair notice of the claim involved." Tex. R. Civ. P. 45(b). In March 2013, however, the Texas Supreme Court adopted Rule 91a of the Texas Rules of Civil Procedure, which provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

While not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeal have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on the 12(b)(6) case law in applying Rule 91a. *See Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014), *reh'g overruled* (Oct. 9, 2014); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014), *review denied* (Nov. 21, 2014). Accordingly, this Court shall do the same.

A.   *Rule 12(b)(6) Standard*

Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6)

motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.   *Application*

In his Petition, Rush asserts three claims against Pena: (1) tortious interference with contract; (2) civil conspiracy; and (3) retaliation in violation of 36.06(a). However, because the Court ultimately concludes that Plaintiff has successfully stated a plausible claim against Pena for tortious interference, the Court need not consider Plaintiff's additional claims.

In his Petition, Plaintiff claims that Pena engaged in tortious interference of his employment

contract with Jacobs by (1) refusing to provide work to Plaintiff, (2) reassigning five projects from Plaintiff to himself, and (3) issuing an evaluation that did not accurately reflect Plaintiff's work performance. Pet. ¶¶ 5, 9. Plaintiff further alleges that these "actions were contrary to the interests, code of conduct and policies" of Jacobs. *Id.* ¶ 5. Finally, Plaintiff avers that as a result of Pena's actions, he suffered "lost wages, loss of earning capacity, lost benefits, [and] mental anguish." *Id.* ¶ 12.

In opposing Plaintiff's Motion to Remand on the grounds that Pena was improperly joined as a party to this lawsuit, Defendants argue that these allegations are insufficient to state a claim for tortious interference with contract because Plaintiff fails to explain how Pena's actions interfered with Plaintiff's employment contract, does not meaningfully address the proximate cause element, and does not allege that Pena's actions served his personal interests at the expense of Jacobs. Doc. 14, Defendants' Response to Plaintiff's Motion to Remand 4–6. The Court disagrees.

"The elements of tortious interference with a contract are: (1) the existence of a contract, (2) willful and intentional interference, (3) interference that proximately caused damage, and (4) actual damage or loss." *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 457 (Tex. 1998). *Id.* The second element is key when the third party who allegedly induces the corporation's breach is also an agent of that corporation. *Id.* "Because a corporate officer's acts on the corporation's behalf usually are deemed corporate acts," the plaintiff in such cases "must show that the agent acted solely in his own interests. . . . A corporate officer's mixed motives—to benefit both himself and the corporation—are insufficient to establish liability." *Id.*

In this case, whether or not Pena's actions actually made Plaintiff's work more difficult, it seems reasonable to conclude that Pena's refusal to provide work to Plaintiff and negative evaluation

of Plaintiff's work could have played a role in Jacobs' decision to terminate Plaintiff's employment, and thus interfered with Plaintiff's employment contract. Moreover, although Plaintiff does not explicitly state that Pena acted solely in his interests when he refused to provide Plaintiff work, reassigned five of Plaintiff's projects to himself, and gave Plaintiff a negative performance review, the Court can reasonably infer from the fact that Pena's actions violated Jacobs' code of conduct and policies that Jacobs disapproved of Pena's actions and, therefore, that he must have been acting solely in his own interests when he took them.[2] Finally, Plaintiff has quite plainly alleged that Pena's actions have caused him damages, including lost wages, loss of earning capacity, lost benefits, and mental anguish. Accordingly, the Court concludes that Plaintiff has pleaded sufficient facts to state a claim against Pena for tortious interference with contract.

Defendants also argue that Plaintiff's assertion of a *Sabine Pilot* claim against Jacobs precludes him from maintaining a claim against Pena for tortious interference, because in order to prevail on a *Sabine Pilot* claim, Plaintiff must allege that his refusal to commit an illegal act was the sole cause of his termination. Response 11 (citing *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (affirming dismissal of *Sabine Pilot* claim because plaintiff's "claims of age discrimination and wrongful discharge are mutually exclusive"); *Pease v. Pakhoed Corp.*, 980 F.2d 995, 997 n.1 (5th Cir. 1993)

---

[2] Contrary to Defendants' contention, the Court finds that Plaintiff's failure to specifically allege that Jacobs "complained" about Pena's actions is not fatal to his claim. Although the Texas Supreme Court has held that "[i]f a corporation does not complain about its agent's actions, the agent cannot be held to have acted contrary to the corporation's interests," *Morgan Stanley & Co. v. Texas Oil Co.*, 958 S.W.2d 178, 181–82 (Tex. 1997), the Supreme Court has never specified the form that such a complaint must take. Rather, the "complaint" requirement seems primarily designed to prevent courts and juries from substituting their own judgment of a corporation's best interests for that of the corporation itself. But where, as here, the corporation has proactively expressed its disapproval of an agent's actions in a published code of conduct, it seems overly technical to also require the plaintiff to show that the corporation complained about those actions after they occurred.

("Under Texas law, an employee who alleges wrongful discharge for refusing to perform a criminal act cannot advance additional claims."); *Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 953 (5th Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995) (same)). While Defendants are correct in principle, however, the Court disagrees with Defendants' contention that the rule announced in *Guthrie*, *Pease*, and *Robertson* makes Plaintiff's tortious interference claim against Pena non-viable when considered in the context of an improper joinder analysis. Rather, these decisions only dictate that once the jurisdictional question is resolved, Plaintiff must choose to pursue one claim or the other, because he will not be allowed to maintain both. Should he fail to do so, Defendants may move to dismiss his *Sabine Pilot* claim.

## IV.

## CONCLUSION

In sum, the Court concludes that Plaintiff has stated a plausible claim against Pena for tortious interference and, therefore, that Plaintiff was properly joined as a party in this matter. And, since both Plaintiff and Pena are citizens of Texas, the Court finds that it lacks valid diversity jurisdiction over this matter. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Remand and **ORDERS** that this case be remanded to the 160th Judicial District Court, Dallas County, Texas for further proceedings.

SO ORDERED.

SIGNED: April 2, 2015.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE